UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| JOHNNY SUGGS, | ) | CASE NO. 1:10 CV 79 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| U.S. BANK NATIONAL | ) | AND ORDER |
| ASSOCIATION, et al., | ) | |
| | ) | |
| Defendant. | ) | |

Pro se plaintiff Johnny Suggs filed this action against U.S. Bank National Association as Trustee ("U.S. Bank"), Lerner Sampson & Roth, and John D. Clunk., LPA. In the complaint, plaintiff challenges a foreclosure action filed against him by the defendants in the Cuyahoga County Court of Common Pleas. He seeks monetary damages and an order voiding the foreclosure action. Mr. Suggs also filed an Application to Proceed In Forma Pauperis. That Application is granted.

**Background**

Mr. Suggs obtained a mortgage through Finance America, LLC in the amount of $300,800.00 on August 31, 2005. The mortgage was secured by property located at 711 University Rd., Cleveland, Ohio. Mr. Suggs made no payments on that mortgage, defaulting on the first payment. A foreclosure action was filed against Mr. Suggs in the Cuyahoga County Court of

Common Pleas on March 17, 2006. An Assignment of the mortgage to U.S. Bank as Trustee was filed in with the Cuyahoga County Recorder on March 27, 2006. Mr. Suggs did not file an Answer to the Complaint and a Default Judgment was granted in favor of U.S. Bank on October 18, 2006.

At this point, a series of bankruptcy filings prevented U.S. Bank from collecting its judgment. An Order of Sale was issued on December 7, 2006 and the sale was scheduled for January 22, 2007. Mr. Suggs filed a Chapter 13 bankruptcy in the United States Bankruptcy Court for the Northern District of Ohio on January 19, 2007. The filing of the Bankruptcy stayed the foreclosure sale. Mr. Suggs failed to file a list of creditors, a plan, schedules and statements, or a means test, and did not meet the credit counseling requirement or pay the filing fee. The Bankruptcy was dismissed on February 27, 2007. The automatic stay was lifted in the foreclosure action on March 14, 2007 and the sale was rescheduled for May 21, 2007.

Mr. Suggs filed his second Chapter 13 Bankruptcy on May 18, 2007. An automatic stay of the foreclosure sale was issued May 25, 2007. Once again, Mr. Suggs did not file a plan, schedules and statements, a certificate of credit counseling, and Exhibit D, and failed to pay the filing free for that action or the first action. The bankruptcy was dismissed on July 18, 2007. Mr. Suggs was ordered to pay all outstanding filing fees by September, 2007. The stay of the foreclosure proceeding was lifted on September 19, 2007. The land sale was rescheduled for October 30, 2007. This sale took place, and the property was sold on December 3, 2007. The sale was confirmed on December 17, 2007.

Mr. Suggs did not vacate the premises after the sale. A Writ of Possession was issued on January 22, 2008. The Deputies were unable to serve Mr. Suggs and a second Writ of Possession was issued on April 17. 2008. Mr. Suggs obtained an extension of time for the eviction

to June 13, 2008.  Mr. Suggs still did not vacate in June, and a third Writ of Possession was issued on July 16, 2008.  Mr. Suggs also filed in the Cuyahoga County Court of Common Pleas a Motion to Stay the Eviction Proceedings pending a determination of whether the defendants violated the federal Truth in Lending Act, the Real Estate Settlement Procedures Act, and the Ohio Racketeer Influenced Corrupt Organizations Act.  He was granted a 30 day stay of the eviction, and a hearing was set on this Motion for September 18, 2008.

On September 10, 2008, Mr. Suggs filed his third Chapter 13 Bankruptcy petition.  The hearing on his Motion was cancelled and the automatic stay postponed the eviction.  The purchaser of the property, GMAC Mortgage, filed a Motion for In Rem Relief from the Stay for the property at 711 University Rd., Cleveland, Ohio.  That Motion was granted on October 17, 2008.  The Bankruptcy was dismissed on October 20, 2008 because Mr. Suggs did not file all of the necessary documents.  The automatic stay was lifted from the eviction action and fourth writ of possession was issued on December 4, 2008.

Mr. Suggs filed a Motion to Reinstate the Case to the Court's Active Docket, which the court construed as a Motion for Relief from Judgment pursuant to Ohio Civil Procedure Rule 60(b).  The Motion was granted and the eviction was once again stayed.  US Bank opposed the Motion.  In the course of litigating the 60(b) Motion, Mr. Suggs asserted arguments under  the federal Truth in Lending Act, the Real Estate Settlement Procedures Act, and the Ohio Racketeer Influenced Corrupt Organizations Act.  The Magistrate filed a decision on the Motion denying relief on December 21, 2008.  The stay was lifted on January 7, 2010 and the fifth writ of possession was issued.

Mr. Suggs filed an appeal to the Ohio Eighth District Court of Appeals and requested

a stay of execution of the judgment pending appeal. He also filed his fourth Chapter 13 bankruptcy. The matter was once again stayed. The bankruptcy was dismissed because Mr. Suggs failed to file all of the necessary documents and did not pay the filing fee. U.S. Bank filed a Motion to lift the stay which was granted on April 5, 2010. The sixth writ of possession was issued on May 24, 2010.

Mr. Suggs has now filed the within action challenging the foreclosure action. He also filed a Motion to Stay the Proceedings as part of this action. He asserts 12 claims in his Complaint, including, Negligence, Wantonness, Trespass, Abuse of Process, Slander of Title, Respondeat Superior Liability, Negligent or Wanton Hiring, Supervision, or Retention, Joint Venture Liability, Wrongful Foreclosure, Unjust Enrichment, and Civil Conspiracy. In his Motion for Stay of the Proceedings, he asserts claims under the federal Truth in Lending Act, the Real Estate Settlement Procedures Act, and the Ohio Racketeer Influenced Corrupt Organizations Act. He seeks monetary damages and an order voiding the judgment of foreclosure.

## Analysis

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of*

---

[1] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

*Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to section 1915(e).

As an initial matter, this Court cannot void the judgment of foreclosure. United States District Courts do not have jurisdiction over challenges to state court decisions even if those challenges allege that the state court's action was unconstitutional. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483 n. 16 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). Federal appellate review of state court judgments can only occur in the United States Supreme Court, by appeal or by writ of certiorari. *Id.* Under this principle, generally referred to as the Rooker-Feldman Doctrine, a party losing his case in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court based on the party's claim that the state judgment itself violates his or her federal rights. *Johnson v. DeGrandy*, 512 U.S. 997, 1005-06 (1994). Federal jurisdiction cannot be invoked merely by couching the claims in terms of a civil rights action. *Lavrack v. City of Oak Park*, No. 98-1142, 1999 WL 801562, at *2 (6th Cir. Sept. 28, 1999); *see Valenti v. Mitchell*, 962 F.2d 288, 296 (3d Cir.1992).

The United States Sixth Circuit Court of Appeals has applied two elements to a Rooker-Feldman analysis. First, in order for the Rooker-Feldman doctrine to apply to a claim presented in federal district court, the issue before the court must be inextricably intertwined with the claim asserted in the state court proceeding. *Catz v. Chalker*, 142 F.3d 279, 293 (6th Cir. 1998); *see Tropf v. Fidelity National Title Insurance Co.*, 289 F.3d 929, 937 (6th Cir. 2002). "Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the

5

state court judgment." *Catz*, 142 F.3d at 293. The Rooker-Feldman doctrine applies when the party losing his case in state court files suit in federal district court seeking redress for an injury allegedly caused by the state court's decision itself. *Coles v. Granville*, 448 F.3d 853, 857-59 (6th Cir. 2006). Second, the Rooker-Feldman doctrine precludes a district court's jurisdiction where the claim is a specific grievance that the law was invalidly or unconstitutionally applied in plaintiff's particular case as opposed to a general constitutional challenge to the state law applied in the state action. *Id.*

In the present action, Mr. Suggs questions the standing of the defendants to file the foreclosure action, and includes a cause of action for wrongful foreclosure. Any review of federal claims asserted in this context would require the court to review the specific issues addressed in the state court proceedings against him. This court lacks subject matter jurisdiction to conduct such a review or grant the relief as requested. *Feldman*, 460 U.S. at 483-84 n. 16; *Catz*, 142 F.3d at 293.

Moreover, the remainder of Mr. Suggs's Complaint simply seeks to litigate matters which were raised or which should have been raised in the state court foreclosure and eviction proceedings. A federal court must give a state court judgment the same preclusive effect it would have in the courts of the rendering state. 28 U.S.C. § 1738; *Dubuc v. Green Oak Township*, 312 F.3d 736, 744 (6th Cir. 2002). The preclusive effect of the previous state court judgments are therefore governed by Ohio law on preclusion. *Id.* Under Ohio law, an existing final judgment or decree is conclusive as to all claims which were or might have been litigated in the first lawsuit. *National Amusement, Inc. v. Springdale*, 53 Ohio St. 3d 60, 62 (1990). The doctrine of *res judicata* requires a plaintiff to present every ground for relief in the first action he files, or forever be barred from asserting it. *Id.* The purpose of this doctrine is to promote the finality of judgments and

6

thereby increase certainty, discourage multiple litigation, and conserve judicial resources. *Allen v. McCurry*, 449 U.S. 90, 94 (1980). The Ohio courts have already granted judgment in favor of U.S. Bank. This court is bound to give full faith and credit to the decisions of those courts.

Accordingly, Plaintiff's Application to Proceed In Forma Pauperis is granted and this action is dismissed pursuant to 28 U.S.C. §1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

Dated: June 24, 2010              s/     *James S. Gwin*
                                  JAMES S. GWIN
                                  UNITED STATES DISTRICT JUDGE

---

[2]     28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.